DECISION AND JUDGMENT ENTRY
{¶ 1} The Pickaway County Court of Common Pleas denied Gerald E. Bragenzer's motion for postconviction relief without a hearing. Bragenzer appeals, asserting that he set forth in his petition sufficient operative facts to demonstrate that he was deprived of his rights to effective assistance of counsel and to due process, and therefore that the trial court erred in denying his petition without a hearing. Because the record of the case and the affidavits Bragenzer presented in support of his motion, excluding Bragenzer's own self-serving affidavit, do not demonstrate that Bragenzer was deprived of his constitutional rights, we disagree. Accordingly, we overrule Bragenzer's assignment of error and affirm the judgment of the trial court.
 I. {¶ 2} In February 2001, the Pickaway County Grand Jury indicted Bragenzer on one count each of aggravated burglary, aggravated robbery, kidnapping, theft, and vandalism. Bragenzer initially pled not guilty, but later entered into a plea agreement with the State under which Bragenzer pled guilty to aggravated burglary and aggravated robbery. The State agreed to dismiss the remaining counts and recommend concurrent four-year sentences on each count.
 {¶ 3} At the change of plea hearing, the trial court specifically informed Bragenzer that the court could sentence him to up to ten years on each count and that the court could order Bragenzer to serve the sentences either consecutively or concurrently. Additionally, the court specifically informed Bragenzer that the State's recommendation of a four-year sentence was in no way binding upon the court. Bragenzer indicated that he understood the maximum sentences and the fact that the recommendation did not bind the court. The court accepted Bragenzer's plea and ordered a pre-sentence investigation prior to sentencing.
 {¶ 4} The court sentenced Bragenzer to serve ten years on each count and ordered him to serve the sentences consecutively. Bragenzer's trial counsel withdrew, and the court appointed new counsel to represent him. On appeal, Bragenzer asserted that the trial court erred in ordering him to serve maximum, consecutive sentences. We affirmed Bragenzer's conviction and sentence in State v. Bragenzer, Pickaway App. No. 01CA15,2002-Ohio-6156.
 {¶ 5} Bragenzer timely filed a petition for postconviction relief, asserting that he did not receive effective assistance of counsel and that he was deprived of due process of law in that he did not enter his guilty plea knowingly, intelligently, and voluntarily. To his petition, Bragenzer attached his own affidavit and the affidavit of his trial counsel. His trial attorney stated in his affidavit that he had advised Bragenzer that he did not believe that the trial court would substantially deviate from the recommended sentence. Bragenzer stated in his affidavit that his attorney told him the he would get a four-year sentence if he pled guilty, and that his attorney never told him that he could receive a twenty-year sentence.
 {¶ 6} The State moved to dismiss the petition. The trial judge who presided over Bragenzer's plea and sentencing also ruled on Bragenzer's petition and denied the petition without a hearing. Bragenzer appeals, asserting the following assignment of error: "The trial court erred when it denied Mr. Bragenzer's postconviction petition without a hearing. Mr. Bragenzer stated substantive grounds for relief by alleging sufficient operative facts to establish that he was denied effective assistance of counsel, and that his plea was not entered into knowingly, voluntary,(sic) and intelligently."
 II. {¶ 7} In his sole assignment of error, Bragenzer asserts that the trial court erred in denying his motion for postconviction relief without a hearing. The State contends that the trial court was correct in ruling that Bragenzer's petition is barred by res judicata, and furthermore that Bragenzer's petition and supporting affidavits do not allege sufficient operative facts to support substantive grounds for relief.
 {¶ 8} Pursuant to R.C. 2953.21, a convicted defendant who claims a denial of his constitutional rights may petition the trial court to vacate the judgment. Such an action constitutes a petition for postconviction relief. State v. Reynolds (1997), 79 Ohio St.3d 158, 160. To prevail on a petition for postconviction relief, the petitioner must: (1) present evidence from outside the trial record, and (2) allege an error that deprived him of a constitutional right. State v. Perry
(1967), 10 Ohio St.2d 175.
 A. {¶ 9} Res judicata bars claims for postconviction relief that are based on allegations the petitioner raised or could have raised at trial or on direct appeal. Perry at paragraph nine of the syllabus. See, also,Reynolds at 161. Since a petitioner could have raised on direct appeal any claim that he supports only with the record, a trial court may dismiss a petition for relief, without a hearing, when the petitioner fails to produce evidence outside the record to support his claim. Statev. Kapper (1983), 5 Ohio St.3d 36, 38; State v. Jackson (1980),64 Ohio St.2d 107, 111. In contrast, the trial court ordinarily must hold a hearing on the petition if the petitioner alleges a violation of his constitutional rights and presents evidence from outside the record to support his claim. R.C. 2953.21(E); State v. Hester (1976),45 Ohio St.2d 71, modified by State v. Cole (1982), 2 Ohio St.3d 112, syllabus.
 {¶ 10} Here, Bragenzer supported his petition with his own affidavit and with the affidavit of his trial counsel. Although Bragenzer supported his petition with evidence from outside the record, the State argues that Bragenzer's petition is barred by res judicata. The State supports its argument with its contention that, on direct appeal, a defendant may raise claims of ineffective assistance of counsel based upon matters not contained in the record. The State posits, as the trial court held, that this principle of law emerged from our ruling in Statev. Clark, Pickaway App. No. 02CA12, 2002-Ohio-6684. Specifically, the State argues that the defendant in Clark based a successful direct appeal upon matters that were not contained within the court record; namely, Clark's contention that he did not understand, and his trial counsel did not explain to him, that a "recommended sentence" is not binding on the court.
 {¶ 11} In fact, this court strictly confined its analysis to the evidence in the record in Clark. The decision was not based upon evidence outside the record; rather, it was based upon the absence of evidence in the record. As we stated in Clark, "[s]trict compliance with Crim.R. 11(C) is preferred; however, a reviewing court will consider a plea to be knowing, intelligent and voluntary so long as the trial judge substantially complies with that rule. In this context, `substantial compliance' means that `under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.'" Clark at ¶ 11 (citations omitted.) Because the trial court did not strictly comply with Crim.R. 11(C), and because the record did not contain evidence which affirmatively demonstrated that Clark subjectively understood the implications of his plea, this court was prevented from determining that the trial court substantially complied with Crim.R. 11(C). Thus, we were unable to affirm that Clark entered his plea knowingly, intelligently and voluntarily.
 {¶ 12} Here, Bragenzer supported his claims of ineffective assistance of counsel and denial of due process with affidavits. The affidavits contain information not contained in the record. Because, contrary to the State's assertion, Bragenzer could not have based his direct appeal upon matters not in the record such as his trial counsel's affidavit, Bragenzer's petition is not barred by res judicata.
 B. {¶ 13} Bragenzer asserts not only that his petition is not barred by res judicata, but also that he raised sufficient operative facts in his petition to support substantive grounds for relief. The State contends that Bragenzer did not raise sufficient operative facts in his petition and supporting affidavits to support substantive grounds for relief. Specifically, the State contends that Bragenzer's trial counsel's affidavit does not state facts supporting a claim of ineffective assistance of counsel or absence of a knowing, intelligent, and voluntary plea, and that Bragenzer's affidavit is not credible.
 {¶ 14} A petitioner is not automatically entitled to a hearing just because he attaches an affidavit from outside the record to his petition. State v. Calhoun (1999), 86 Ohio St.3d 279, paragraph one of the syllabus. Even when the petition is supported with evidence outside the record, if it does not meet the requirement of establishing substantive grounds for relief, the court should dismiss the petition without a hearing. Calhoun at paragraph two of the syllabus. Substantive grounds for relief are shown if the petitioner produces evidentiary grounds to believe that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." Calhoun at 283, quoting R.C. 2953.21(A)(1).
 {¶ 15} In addition, when deciding whether to grant a hearing, the trial court may determine issues of credibility and weight based on the affidavits and other documents in the record. Id. at paragraph one of the syllabus; State v. Moore (1994), 99 Ohio App.3d 748, 753. Evidence outside the record in the form of the petitioner's own self-serving affidavit will not compel the trial court to hold a hearing. State v.Kapper (1983), 5 Ohio St.3d 36, 37-38. In particular, when a petitioner's affidavit states, contrary to a transcript reflecting compliance with Crim.R. 11, that his guilty plea was not voluntary, the "record reflecting compliance with Crim.R. 11 has greater probative value" than the affidavit. Id. Additionally, in assessing the credibility of affidavits, the court may consider, among other factors, whether the judge reviewing the postconviction relief petition also presided at trial. Calhoun at 285, following Moore at 754-756.
 {¶ 16} In this case, Bragenzer asserts that his claim of ineffective assistance of counsel, supported by his trial counsel's and his affidavits, constitutes substantive grounds for relief. Bragenzer asserts that his petition and supporting documentation support that his trial counsel's performance was deficient and that he was prejudiced by his counsel's deficient performance, contrary to the standard for effective assistance of counsel articulated in Strickland v. Washington
(1984), 466 U.S. 668, 687. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland at 689.
 {¶ 17} In his affidavit, Bragenzer's trial counsel stated that he advised Bragenzer that he "did not believe that the Judge would substantially deviate from the joint recommendation," and that he "did not believe * * * the Judge would impose consecutive sentences." In contrast, Bragenzer averred that his attorney told him he would be sentenced to four years in prison and did not tell him he could receive a twenty-year sentence. The transcript of the change of plea hearing reflects that the trial court complied with Crim.R. 11(C), and that Bragenzer indicated that he understood both that the recommended sentence was not binding upon the court and that he could receive consecutive sentences of up to ten years on each count.
 {¶ 18} Affording the transcript of the Crim.R. 11 dialogue greater probative value than Bragenzer's affidavit, and presuming the truthfulness of Bragenzer's trial counsel's affidavit, we find that Bragenzer failed to show that there are grounds to believe that he did not receive effective assistance of counsel. Bragenzer's attorney's affidavit does not indicate that he assured Bragenzer that the trial court would follow the sentencing recommendation or that he offered less than reasonable professional assistance in informing Bragenzer that he did not believe the trial court would substantially deviate from the recommendation. His advice to Bragenzer, as described in the affidavit, was consistent with the law and with reasonable professional assistance. Therefore, his affidavit does not indicate deficient performance.
 {¶ 19} While Bragenzer's affidavit indicates that his attorney gave him advice that is contrary to law, we give the transcript greater probative value. Additionally, we note that the same trial court judge presided over both Bragenzer's conviction and his petition, and thus the judge had the benefit of observing Bragenzer's demeanor before evaluating the credibility of his affidavit. At his change of plea hearing, Bragenzer affirmed to the trial court that no one assured him that he would receive a sentence of four years, and that he understood the possibility that the trial court would impose the maximum prison term.
 {¶ 20} From the above analysis we conclude that, other than Bragenzer's own self-serving affidavit, nothing in the record indicates that Bragenzer's trial counsel's performance was deficient. Therefore, we find that Bragenzer did not set forth sufficient operative facts with supporting affidavits to establish that he did not receive effective assistance of counsel in the trial court.
 {¶ 21} Bragenzer also asserts that he set forth sufficient operative facts to support a finding that he did not knowingly, intelligently, and voluntarily enter his guilty plea. To determine whether a defendant has knowingly, intelligently and voluntarily entered a plea, the trial court should engage in a dialogue with the defendant as described in Crim.R. 11(C). State v. Johnson (1988), 40 Ohio St.3d 130, syllabus; Crim.R. 11(C). Knowledge of the maximum penalty is not constitutionally required for a knowing, intelligent and voluntary plea.Johnson at 133, citing State v. Stewart (1977), 51 Ohio St.2d 86, 88. However, Crim.R. 11(C)(2)(a) requires that the trial court explain to a defendant, before it accepts the defendant's plea, "the nature of the charge and of the maximum penalty involved." Johnson at 133. Furthermore, under Ohio law, "it is axiomatic that a defendant must know the maximum penalty involved before the trial court may accept his guilty plea." State v. Corbin, 141 Ohio App.3d 381, 386-387, 2001-Ohio-4140, citing State v. Wilson (1978), 55 Ohio App.2d 64; State v. Gibson
(1986), 34 Ohio App.3d 146.
 {¶ 22} Here, the record reflects that the trial court orally informed Bragenzer of the maximum sentences, the fact that the court could impose the sentences consecutive to each other, and the fact that the sentencing recommendation was not binding on the court. Bragenzer told the court that he understood these facts. His attorney's affidavit does not contradict the transcript of the hearing. Bragenzer's affidavit contradicts the hearing transcript, but carries lesser probative value than the transcript, and is insufficient to rebut the record to the contrary. See Kapper at 37-38. Moreover, "it is well established that a defendant's mistaken belief or impression regarding the consequences of his plea is not sufficient to establish that such plea was not knowingly and voluntarily made." State v. Sabatino (1995), 102 Ohio App.3d 483,486; State v. Platz, Athens App. No. 00CA25, 2001-Ohio-2543; State v.Jodziewicz (Apr. 16, 1999), Adams App. No. 98CA667. Thus, we find that Bragenzer failed to set forth sufficient operative facts, together with supporting affidavits, to establish that he did not enter into his plea knowingly, intelligently, and voluntarily.
 {¶ 23} Because we find that the petition, the supporting affidavits, and the record do not demonstrate that Bragenzer set forth sufficient operative facts to establish ineffective assistance of counsel or a deprivation of due process, we find that the trial court properly denied Bragenzer's petition without a hearing. Accordingly, we overrule Bragenzer's assignment of error, and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee re cover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Evans, P.J. and Abele, J.: Concur in Judgment and Opinion.