[Cite as *State v. Wilson*, 2021-Ohio-2205.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,                    :                    No. 20AP-329
                                               (C.P.C. No. 17CR-1372)

v.                                                     :
                                             (REGULAR CALENDAR)

Joseph P. Wilson,                                      :

      Defendant-Appellant.                   :

D E C I S I O N

Rendered on June 29, 2021

**On brief**: [*G. Gary Tyack*], Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief**: *Joseph P. Wilson*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Joseph P. Wilson, from a judgment of the Franklin County Court of Common Pleas, granting appellant's request for findings of fact and conclusions of law and denying and dismissing his petition for postconviction relief.

{¶ 2} On March 9, 2017, appellant was indicted on one count of felonious assault, in violation of R.C. 2903.11, one count of menacing by stalking, in violation of R.C. 2903.211, and one count of tampering with evidence, in violation of R.C. 2921.12. On January 10, 2018, appellant entered a guilty plea to one count of felonious assault, a felony of the second degree. The trial court entered a nolle prosequi on the remaining two counts.

{¶ 3} On April 26, 2018, the trial court conducted a sentencing hearing. By judgment entry filed on that same date, the court sentenced appellant to a term of incarceration of six years.

{¶ 4} Appellant did not file a timely appeal from the trial court's judgment of April 26, 2018. However, on August 3, 2018, he filed a pro se motion for leave to file a delayed appeal which this court subsequently denied.

{¶ 5} On October 10, 2018, appellant filed a motion to withdraw guilty plea. On October 23, 2018, plaintiff-appellee, State of Ohio, filed a memorandum in opposition to the motion to withdraw. By decision and entry filed November 9, 2018, the trial court denied appellant's motion to withdraw guilty plea. Appellant did not appeal that decision.

{¶ 6} On November 26, 2018, appellant filed a second motion to withdraw guilty plea. In a separately filed memorandum in support, appellant argued the trial court's oral pronouncement of sentence "did not include mandatory time but the journal entry of sentencing included mandatory time." (Nov. 26, 2018 Memo in Support of Mot. to Withdraw Plea at 1.)

{¶ 7} On December 3, 2018, the state filed a memorandum opposing appellant's successive motion to withdraw guilty plea. In its memorandum in support, the state argued that, although appellant's crime carried a presumption of prison time, he was not subject to mandatory incarceration, and the plea agreement and transcripts indicated the trial court did not impose mandatory time. The state maintained that the error in the sentencing entry (indicating appellant's prison term was mandatory) was merely clerical, and that Crim.R. 36 permitted clerical errors to be corrected at any time. The state therefore argued the trial court "should issue a corrected entry to reflect the defendant's prison term is not mandatory time." (State's Memo Opposing Def.'s Successive Mot. to Withdraw Guilty Plea at 5.)

{¶ 8} On January 10, 2019, appellant filed a petition for postconviction relief, asserting in part that he was sentenced to a mandatory prison term and was never orally informed of the mandatory prison term at the sentencing hearing. Also on that date, appellant filed a motion to "vacate a contrary to law/void sentence."

{¶ 9} On January 11, 2019, the state filed a memorandum contra both the petition for postconviction relief and the motion to vacate sentence. In its memorandum in support,

the state argued the trial court never advised appellant his sentence was mandatory, and that the declaration in the sentencing entry indicating the sentence was mandatory constituted a clerical error which the court could correct by issuing a nunc pro tunc entry.

{¶ 10} On July 10, 2019, appellant filed a third motion to withdraw guilty plea. In that motion, appellant asserted in part the trial court had imposed a mandatory prison term "where the statute requires the imposition of a non-mandatory term," and that the "attempted sentence is a nullity and void." (July 10, 2019 Mot. to Withdraw at 5-6.) The state opposed the motion, arguing (as it did in addressing prior motions by appellant) that the plea agreements and transcripts indicated the trial court did not impose a mandatory sentence, and that a typographical error in the judgment entry regarding mandatory time could be corrected by nunc pro tunc entry to reflect appellant's prison term was not mandatory.

{¶ 11} By decision and entry filed July 24, 2019, the trial court denied appellant's motion to vacate a contrary to law/void sentence. The court's entry further denied appellant's petition for postconviction relief, as well as his third motion to withdraw guilty plea. Also on that date, the trial court filed an amended judgment entry indicating a prison term "is not mandatory."

{¶ 12} On August 14, 2019, appellant filed a notice of appeal from the trial court's decision and entry of July 24, 2019, challenging only the trial court's dismissal of his motion to withdraw guilty plea. In *State v. Wilson*, 10th Dist. No. 19AP-536, 2020-Ohio-1136, ¶ 16, this court affirmed the judgment of the trial court, holding in part that the arguments raised by appellant in his July 10, 2019 motion to withdraw guilty plea "are barred by res judicata."

{¶ 13} On August 16, 2019, appellant filed with the trial court a motion requesting findings of fact and conclusions of law, pursuant to R.C. 2953.21(H), with respect to the court's denial of his petition for postconviction relief. The trial court, by decision and entry filed May 4, 2020, granted appellant's motion for findings of fact and conclusions of law, and denied the petition for postconviction relief.

{¶ 14} On appeal, appellant, pro se, sets forth the following three assignments of error for this court's review:

> [I.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ISSUED A NUNC PRO TUNC ENTRY TO AMEND AND CORRECT AN UNLAWFUL SENTENCE.

[II.] THE TRIAL COURT ERRED AND ABUSED ITS DSICRETION WHEN IT DENIED APPELLANT'S PETITION FOR POST-CONVICITON RELIEF BASED ON AN UNLAWFUL NUNC PRO TUNC ENTRY.

[III.] THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA AS A POST SENTENCE MOTION AFTER ISSUING AN IMPROPER NUNC PRO TUNC ENTRY TO CORRECT THE UNLAWFUL SENTENCE.

{¶ 15} Appellant's assignments of error are interrelated and will be considered together. Under all three assignments of error, appellant raises challenges to the trial court's nunc pro tunc entry of July 24, 2019. Specifically, appellant asserts the court erred in: (1) issuing the nunc pro tunc entry, (2) denying the petition for postconviction relief based on the nunc pro tunc entry, and (3) denying his July 10, 2019 motion to withdraw guilty plea after issuing the nunc pro tunc entry.

{¶ 16} In general, "[a] petition for post-conviction relief is a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction." *State v. Perry*, 5th Dist. No. 2010-CA-00185, 2011-Ohio-274, ¶ 12, citing *State v. Murphy*, 10th Dist. No. 00AP-233 (Dec. 26, 2000). A court of common pleas "may grant relief from a conviction under the postconviction statutes upon proof of a constitutional violation during the proceedings resulting in that conviction." *State v. Spurling*, 1st Dist. No. C-190629, 2020-Ohio-3792, ¶ 9.

{¶ 17} While designed to address claimed constitutional violations, "the post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment." *Perry* at ¶ 12, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999); *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). Thus, "[p]ostconviction relief is a narrow remedy, and res judicata bars any claim that was or could have been raised at the time of trial or a direct appeal." *State v. Moore*, 7th Dist. No. 12 MA 91, 2013-Ohio-1431, ¶ 18. Further, " '[r]es judicata does not * * * apply only to direct appeals, but to all postconviction proceedings in which an issue was or could have been raised.' " *State v. Heid*, 4th Dist. No. 15CA3710, 2016-Ohio-2756, ¶ 18, quoting *State v. Montgomery*, 8th Dist. No. 99452, 2013-

Ohio-4193, ¶ 42. *See also State v. Battin,* 10th Dist. No. 18AP-888, 2019-Ohio-2195, ¶ 13, quoting *State v. Long,* 5th Dist. No. 17CA15, 2017-Ohio-2848, ¶ 16, quoting *State v. Kent,* 4th Dist. No. 02CA21, 2003-Ohio-6156, ¶ 6 ("Res judicata ' "applies to bar raising piecemeal claims" ' in successive motions filed after the defendant is convicted.").

{¶ 18} As indicated, appellant seeks to challenge the propriety of the trial court's nunc pro tunc entry of July 24, 2019, which amended the original sentencing entry (to reflect a finding by the trial court that a prison term "is not" mandatory). As set forth under the facts, the state argued before the trial court that the original sentencing entry contained a clerical error, asserting "a mandatory prison term was not possible," and that appellant "was never advised by the Court that the sentence was mandatory." (State's Memo Contra Post-Conviction Petition at 1-2.)

{¶ 19} In its decision denying appellant's petition for postconviction relief, the trial court addressed and rejected appellant's claim that the original six-year sentence was unlawful and void because the sentencing entry indicated a mandatory sentence. The trial court, noting it had executed a nunc pro tunc entry on July 24, 2019 amending the original sentencing entry to state that a prison term was not mandatory, held that such entry "permissibly corrected any error or unlawfulness of his original sentence." (May 4, 2020 Decision at 6.)

{¶ 20} According to appellant, Ohio law forbids the use of a nunc pro tunc entry for such purposes and requires a new sentencing hearing. Appellant further contends, as he argued in his petition, that the sentence imposed initially was void because the original sentencing entry (filed on April 26, 2018) stated a prison term "is" mandatory.

{¶ 21} This court previously considered and rejected appellant's void sentence argument in *Wilson,* in which he challenged the trial court's decision and entry of July 24, 2019, denying his successive motion to withdraw a guilty plea. Specifically, appellant argued before this court that "the error in his original judgment entry indicating his sentence was mandatory rendered his sentence void." *Id.* at ¶ 12. This court found no merit to appellant's contention, holding that "the error in the original April 26, 2018 judgment entry was a clerical error capable of correction at any time by the trial court." *Id.,* citing *State v. Lawson,* 10th Dist. No. 18AP-355, 2019-Ohio-2526, ¶ 31. This court further determined that the arguments raised by appellant in his (third) motion to withdraw guilty

plea were "barred by res judicata," as they could have been raised in a prior proceeding. *Id.* at ¶ 16.

{¶ 22} Upon review, appellant's claims (under his first and second assignments of error) that his sentence was void and the trial court's nunc pro tunc entry was invalid, are barred by the doctrine of res judicata as they were either raised or could have been raised in a prior proceeding or appeal. *See*, *e.g.*, *State v. McDonald*, 5th Dist. No. 2003CA00037, 2003-Ohio-2641, ¶ 9 (applying res judicata to postconviction petition to bar "further litigation of issues that were either raised or could have been raised through a prior appeal" where petition raised no issues dehors the record). Similarly, res judicata bars appellant's attempt (under his third assignment of error) to again challenge the trial court's July 24, 2019 decision denying his successive motion to withdraw guilty plea.

{¶ 23} Finally, even if his claims had not been barred by res judicata, appellant's argument that the original sentence was unlawful and could not be corrected by a nunc pro tunc entry would fail on the merits. *See*, *e.g.*, *State v. Merriweather*, 12th Dist. No. CA2016-04-077, 2017-Ohio-421, ¶ 62 (where none of the circumstances for mandatory sentence applied, and trial court did not classify sentence as mandatory during sentencing, error in sentencing entry stating sentence was mandatory could be corrected through nunc pro tunc entry to reflect that sentence was not mandatory); *State v. Munoz*, 10th Dist. No. 11AP-475, 2011-Ohio-6672, ¶ 14-17 (rejecting appellant's contention that trial court sentenced him to a mandatory term of prison and concluding judgment entry's notation of a mandatory prison term constituted clerical error where mandatory sentencing provisions did not apply, and review of sentencing hearing indicated trial court did not impose mandatory term).

{¶ 24} Based on the foregoing, appellant's first, second, and third assignments of error are without merit and are overruled.

{¶ 25} Accordingly, having overruled appellant's three assignments of error, the judgment of the Franklin County Court of Common Pleas, denying and dismissing appellant's petition for postconviction relief, is hereby affirmed.

*Judgment affirmed.*

KLATT and LUPER SCHUSTER, JJ., concur.

_____