[Cite as *State v. Simpson*, 2021-Ohio-2700.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-38 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-609 |
| | : | |
| DAVID L. SIMPSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of August, 2021.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Suite 200, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

JOE CLOUD, Atty. Reg. No. 0040301, 3973 Dayton-Xenia Road, Beavercreek, Ohio 45432
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant, David L. Simpson, appeals from his convictions on one count of voluntary manslaughter, one count of felonious assault and one count of tampering with evidence. Simpson, who pleaded no contest to the charges, argues in three assignments of error that his pleas should be vacated because the trial court failed to fulfill its obligations under Crim.R. 11, and because his defense counsel failed to provide effective representation. We find that Simpson's arguments have no merit, and therefore, the convictions are affirmed.

## I. Facts and Procedural History

{¶ 2} Simpson beat his father to death with a fireplace implement on March 17, 2018. In Greene C.P. No. 2018-CR-226, the State charged Simpson with one count of murder, in violation of R.C. 2903.02(B), and one count of felonious assault, in violation of R.C. 2903.11(A)(2).

{¶ 3} Simpson's defense counsel negotiated a plea agreement with the State, whereby the State agreed to dismiss the charges in Case No. 2018-CR-226 without prejudice and, instead, to charge Simpson in the instant case (Greene C.P. No. 2020-CR-609) by way of a bill of information with one count of voluntary manslaughter, a first-degree felony pursuant to R.C. 2903.03(A) and (C); one count of felonious assault, a second-degree felony pursuant to R.C. 2903.11(A)(2) and (D)(1)(a); and one count of tampering with evidence, a third-degree felony pursuant to R.C. 2921.12(A)(1) and (B). In return, Simpson agreed to enter pleas of no contest.

{¶ 4} On September 17, 2020, the trial court held a hearing during which it accepted Simpson's pleas, and on September 24, 2020, Simpson appeared before the court for sentencing. The trial court sentenced him to serve consecutive prison terms of

10 years for voluntary manslaughter and five years for felonious assault, along with a concurrent term of 36 months for tampering with evidence, resulting in an aggregate term of 15 years. Simpson timely filed a notice of appeal to this court on October 8, 2020.

## II. Analysis

{¶ 5} We address Simpson's first and second assignments of error together. For his first assignment of error, Simpson contends that:

> THE TRIAL COURT ERRED AS A MATTER OF LAW AT THE PLEA HEARING WHEN IT FAILED TO COMPLY WITH [CRIM.R.] 11(C)(2)(a)[-](b) BECAUSE THE NO CONTEST PLEA OF THE DEFENDANT WAS NOT MADE KNOWINGLY, INTELLIGENTLY, FREELY, AND VOLUNTARILY[,] THEREBY DENYING THE DEFENDANT HIS RIGHTS TO DUE PROCESS GRANTED BY THE OHIO AND UNITED STATES CONSTITUTIONS.

And for his second assignment of error, Simpson contends that:

> THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR AT THE PLEA HEARING WHEN IT FAILED TO COMPLY WITH [CRIM.R.] 11 BECAUSE THE NO CONTEST PLEA OF THE DEFENDANT WAS NOT MADE KNOWINGLY, INTELLIGENTLY, FREELY, AND VOLUNTARILY[,] THEREBY DENYING THE DEFENDANT HIS RIGHTS TO DUE PROCESS GRANTED BY THE OHIO AND UNITED STATES CONSTITUTIONS.

{¶ 6} Simpson argues, first, that he did not knowingly and voluntarily enter his pleas of no contest "because he [mistakenly believed] that [his right to appeal] * * *

applied" not only to Case No. 2020-CR-609, but also to Case No. 2018-CR-226. Appellant's Brief 4-5.   He argues, second, that the trial court failed to fulfill its obligation to inform him that, by entering pleas of no contest in Case No. 2020-CR-609, he would "waive" his appellate rights in Case No. 2018-CR-226.   Appellant's Brief 8.   In support of his arguments, Simpson has submitted an unauthenticated document that was not made a part of the record in either of the underlying cases; the State has objected to Simpson's submission.   Supplement to Appellant's Brief 1-2, June 15, 2021; *see* Appellee's Brief 9-10.

{¶ 7} To "satisfy the requirements of due process, a plea of guilty or no contest must be knowing, intelligent, and voluntary, and the record must affirmatively demonstrate" as much.   *State v. Chessman*, 2d Dist. Greene No. 03CA100, 2006-Ohio-835, ¶ 15, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A "plea must [therefore] be made with a full understanding of its consequences."   *Id.*, citing *State v. Bowen*, 52 Ohio St.2d 27, 368 N.E.2d 843 (1977).   Accordingly, "a 'trial court must inform [a] defendant that he is waiving his privilege against compulsory self-incrimination, his right to a jury trial, his right to confront his accusers, and his right of compulsory process of witnesses.' "   *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 41, quoting *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph one of the syllabus; *see also* Crim.R. 11(C)(2)(a)-(c).

{¶ 8} A trial court's compliance with the mandates of Crim.R. 11, "absent any indicia of coercion, creates a presumption that [a defendant's] plea was knowing, intelligent, and voluntary."   (Citation omitted.)   *State v. Ogletree*, 2d Dist. Montgomery No. 21995, 2008-Ohio-772, ¶ 7.   Although "[l]iteral compliance with [the rule] is certainly

the preferred practice," a plea need not be vacated if a "reviewing court determines that there was substantial compliance." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). Substantial compliance "means that under the totality of the circumstances[,] the defendant subjectively underst[ood] the implications of his plea and the rights he [was] waiving." (Citations omitted.) *Id.*

{¶ 9} Here, Simpson argues that his pleas should be vacated because he did not understand that he was waiving his right to appeal in Case No. 2018-CR-226, a case in which he and the State moved jointly for the dismissal of all charges against him without prejudice. Yet, as this court has already determined, the trial court's dismissal of the charges in Case No. 2018-CR-226 "merely returned [Simpson] to the same position" in which he found himself before he was charged in that case. Decision and Entry 3, May 3, 2021. The dismissal of the case, in other words, precluded the possibility of a verdict or final order from which Simpson could bring an appeal. Thus, Simpson did not waive his right to appeal in Case No. 2018-CR-226 by entering into a plea agreement with the State, because the execution of the agreement essentially rendered the case moot.

{¶ 10} Furthermore, the trial court complied literally with the requirements of Crim.R. 11 before it accepted Simpson's pleas at the hearing on September 17, 2020, giving rise to a presumption that Simpson entered the pleas intelligently, knowingly and voluntarily. *Ogletree* at ¶ 7; *see also* Crim.R. 11(C)(2); Transcript of Proceedings 5:22-19:4, Sept. 17, 2020. Simpson has not provided any argument, citation to authority or evidence that would suffice to rebut this presumption.

{¶ 11} In his brief, Simpson relies on an unauthenticated document that was not

made a part of the record of the instant case, or part of the record in Case No. 2018-CR-226, to support his claim of having mistakenly believed that " 'by signing the no contest plea agreement[,] [he] could appeal * * * [C]ase [No. 2018-CR-226] and pr[o]cede to trial,' " which he maintains "is the only reason [he] signed [the] agreement.' " Appellant's Brief 5, quoting Supplement to Appellant's Brief 1-2. The State has objected to the document, and because it is outside the record, we decline to consider it. Even otherwise, Simpson's assertion would strain credulity in light of his plea colloquy with the trial court, during which he repeatedly confirmed his understanding to the contrary. *See* Transcript of Proceedings 5:22-19:4.

{¶ 12} The record demonstrates that the trial court complied literally with the requirements of Crim.R. 11 before it accepted Simpson's pleas in Case No. 2020-CR-609, and the transcript of the plea colloquy belies Simpson's claim that he expected, even after entering his pleas, to have the right to proceed to trial and to commence an appeal in Case No. 2018-CR-226, in which he and the State moved jointly to dismiss all charges against him without prejudice, pursuant to their plea agreement. As a result, we hold that the trial court did not err by accepting Simpson's pleas of no contest to the charges against him in Case No. 2020-CR-609. Simpson's first and second assignments of error are overruled.

{¶ 13} For his third assignment of error, Simpson contends that:

THE NO CONTEST PLEAS ENTERED BY THE DEFENDANT WERE NOT KNOWING, INTELLIGENT OR VOLUNTARY, OR FREELY GIVEN[,] DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 14} Finally, Simpson argues that his defense counsel ineffectively "failed to

inform [him] that" he would "waiv[e] his appellate rights" in Case No. 2018-CR-226 by entering into the aforementioned plea agreement with the State. Appellant's Brief 10. He also faults counsel for "fail[ing] to obtain a final judgment entry" in Case No. 2018-CR-226, in which all charges against Simpson were dismissed without prejudice. *Id.*

{¶ 15} To prevail on a claim of "ineffective assistance of counsel, a defendant must satisfy the two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *State v. Cardenas*, 2016-Ohio-5537, 61 N.E.3d 20, ¶ 38 (2d Dist.). The *Strickland* test requires a showing that: "(1) defense counsel's performance was so deficient that [it did not fulfill the right to assistance of counsel] guaranteed under the Sixth Amendment to the United States Constitution; and (2) * * * defense counsel's errors prejudiced the defendant." *Id.*, citing *Strickland* at 687. Judicial "scrutiny of counsel's performance must be highly deferential," so "a [reviewing] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Strickland* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955). To show prejudice, the defendant bears the burden to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of [a given] proceeding would have been different." *Id.* at 694; *State v. Southern*, 2d Dist. Montgomery No. 27932, 2018-Ohio-4886, ¶ 47. A failure to make either showing defeats the claim. *Cardenas* at ¶ 38.

{¶ 16} Simpson fails to make both of these showings. The transcript of Simpson's plea colloquy strongly suggests that Simpson's defense counsel did not offer advice premised on inaccurate statements of the law, and Simpson himself indicated that he was satisfied with the assistance he received. *See* Transcript of Proceedings 9. In the

unauthenticated supplement to Simpson's brief, to which we referred in our analysis of the first assignment of error, Simpson attributes a series of dubious statements to counsel, but we reiterate that we decline to consider the document because it is not part of the record in the instant case or the record in Case No. 2018-CR-226. Even if the document were part of the record, many of the statements that Simpson attributes to counsel appear to be taken out of context or simply irrelevant. *See* Supplement to Appellant's Brief 1.

{¶ 17} Moreover, the charges against Simpson in Case No. 2018-CR-226 were dismissed without prejudice on a motion filed jointly by Simpson and the State. Simpson now faults his defense counsel for "fail[ing] to obtain a final judgment entry" in the case, yet we fail to see how counsel could have obtained a final judgment entry in the absence of any legal or factual issues to adjudicate. Appellant's Brief 10. Counsel's purported failure to obtain a judgment, then, could not have resulted in any prejudice to Simpson.

{¶ 18} Simpson has not established that his defense counsel provided less than reasonably professional assistance, nor has he established that he was somehow prejudiced by counsel's purported failure to obtain a final judgment in a case in which all charges against him were dismissed. Simpson's third assignment of error is overruled.

### III. Conclusion

{¶ 19} The trial court complied literally with the requirements of Crim.R. 11 during Simpson's plea colloquy, and Simpson has not established that he did not enter his pleas intelligently, knowingly and voluntarily. Although Simpson claims that he did not understand that he would not have the right to appeal in a case in which all charges against him were dismissed without prejudice, the record indicates that he understood

the ramifications of entering his pleas. In addition, Simpson has not demonstrated that his defense counsel rendered ineffective assistance by failing to explain that he would not have the right to appeal in a case in which all charges against him were dismissed without prejudice. The record includes no evidence of counsel's purported failure to explain, nor has Simpson shown that the purported failure to explain has resulted in any prejudice. Therefore, Simpson's convictions are affirmed.

. . . . . . . . . . . . .

HALL, J. and EPLEY, J., concur.

Copies sent to:

Marcy A. Vonderwell
Joe Cloud
Hon. Michael A. Buckwalter