[Cite as *State v. Haines*, 2023-Ohio-3016.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2022-A-0106 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| DOUGLAS JEFFREY HAINES, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 00016 |

### O P I N I O N

Decided: August 28, 2023
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, *Christopher R. Fortunato*, and *Matthew J. Hebebrand*, Assistant Prosecutors, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Catherine R. Meehan*, Patituce & Associates, LLC, 16855 Foltz Industrial Parkway, Strongsville, OH 44149 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Douglas Jeffrey Haines, appeals his convictions for three counts of Rape following the entry of a negotiated guilty plea. For the following reasons, we affirm the convictions.

{¶2} On January 13, 2022, the Ashtabula County Grand Jury indicted Haines on one count of Rape (Count One), a felony of the first degree in violation of R.C. 2907.02(A)(1)(b) and (B), and four counts of Rape (Counts Two to Five), felonies of the first degree in violation of R.C. 2907.02(A)(2) and (B).

{¶3} On October 14, 2022, a Written Plea of Guilty and Plea Agreement was entered in the trial court's docket. According to the Agreement, Haines entered a plea of "guilty" to Rape (Counts Two to Four) in exchange for the State dismissing the remaining Rape charges (Counts One and Five). Moreover, the parties "[s]tipulate[d] to an agreed upon sentence of 9 years on Counts 3 and 4 and 10 years on Count 2, each count consecutive to one another for a total of 28-33 years in prison."

{¶4} On the same date, the trial court issued a Judgment Entry of Guilty to Negotiated Plea and Sentencing.

{¶5} On November 14, 2022, Haines filed a Notice of Appeal.

{¶6} On March 31, 2023, Haines filed a Motion to Withdraw Plea in the trial court. Upon remand from this court, the trial court denied the Motion to Withdraw Plea on April 19, 2023.

{¶7} On appeal, Haines raises the following assignments of error:

[1.] The trial court abused its discretion by denying appellant's Motion to Withdraw Plea.

[2.] The trial court erred in denying Appellant's Motion to Withdraw Plea where Appellant was denied his rights to the effective assistance of counsel and due process as guaranteed by the Sixth and Fourteenth Amendments.

[3.] Appellant was not advised on his limited appellate rights, specifically that he could not challenge his sentence under R.C. 2953.08, thereby rending [sic] his plea invalid.

The assignments of error will be considered jointly.

{¶8} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and

2

the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). "To ensure compliance with the constitutional mandates, Criminal Rule 11 was adopted." *State v. McDaniel*, 11th Dist. Portage No. 2017-P-0098, 2020-Ohio-7003, ¶ 11. A trial court's compliance with Criminal Rule 11 creates a presumption that a plea was entered knowingly, intelligently, and voluntarily. *State v. Philpot*, 8th Dist. Cuyahoga No. 110828, 2022-Ohio-1499, ¶ 16; *State v. Coffman*, 5th Dist. Ashland No. 21-COA-015, 2022-Ohio-217, ¶ 15; *State v. Simpson*, 2d Dist. Greene No. 2020-CA-38, 2021-Ohio-2700, ¶ 8.

{¶9} "When a defendant alleges ineffective assistance of counsel arising from the plea process, the defendant must meet the two-prong test set out in *Strickland* [*v. Washington*], 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674." *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, 129 N.E.3d 404, ¶ 14. "First, the defendant must show that counsel's performance was deficient." *Id.* at ¶ 15, citing *Strickland* at 687. "Second, the defendant must demonstrate prejudice resulting from counsel's deficient performance." *Id.* at ¶ 16, citing *Strickland* at 687. "The defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* at ¶ 16, quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *State v. Johnson*, 11th Dist. Trumbull No. 2016-T-0091, 2018-Ohio-2465, ¶ 26 ("[t]he ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily") (citations omitted).

{¶10} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set

Case No. 2022-A-0106

aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1.

{¶11} "Ohio courts have held that 'manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.'" (Citation omitted.) *State v. Bradford*, 8th Dist. Cuyahoga Nos. 110907 et al., 2022-Ohio-1503, ¶ 12; *State v. Jones*, 4th Dist. Gallia No. 19CA9, 2020-Ohio-7037, ¶ 21 ("[a] trial court violates a defendant's due process rights, and hence may produce a manifest injustice, if it accepts a guilty plea that the defendant did not enter knowingly, intelligently, and voluntarily") (citation omitted). Accordingly, "[i]f a defendant shows that he or she did not enter a plea knowingly, intelligently or voluntarily, the defendant may establish a manifest injustice sufficient to warrant withdrawal of the guilty plea under Crim.R. 32.1." (Citation omitted.) *State v. Artuso*, 11th Dist. Ashtabula No. 2022-A-0009, 2022-Ohio-3283, ¶ 21; *see also State v. Garcia*, 11th Dist. Ashtabula No. 2022-A-0066, 2023-Ohio-2446, ¶ 13.

{¶12} "The credibility and weight of the defendant's assertions in support of a motion to withdraw a plea and the decision as to whether to hold a hearing are matters entrusted to the sound discretion of the trial court." *Romero* at ¶ 34. "[A] trial court need not hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea if the record indicates the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." (Citations omitted.) *State v. Kurdi*, 2022-Ohio-4459, 203 N.E.3d 796, ¶ 7 (11th Dist.); *State v. Miller*, 7th Dist. Mahoning No. 22 MA 0090, 2023-Ohio-2290, ¶ 9 ("[a] hearing is required on a post-

4

sentence Crim.R. 32.1 motion if the facts alleged by the defendant and accepted as true by the trial court would require the court permit a guilty plea to be withdrawn").

{¶13} "An appellate court reviews a trial court's decision on a motion to withdraw a plea under an abuse-of-discretion standard." *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 32; *Romero* at ¶ 13.

{¶14} Haines argues that trial counsel's deficient performance rendered his plea unknowing and unintelligent: "Appellant was provided a proposal and plea paperwork the day of his scheduled hearing on October 12, 2022. Appellant was given little time to review the document with his attorney before being rushed into the courtroom to go on the record. In fact, Appellant was led to believe by his attorney that he had no other option but to take the plea deal, as it was offered that day." Brief of Appellant at 4. We disagree.

{¶15} As noted by the trial court, Haines did not submit any evidentiary materials supporting the foregoing claims or otherwise demonstrating a manifest injustice. Contrary to Haines' claims is the following colloquy from the plea hearing:

> The Court: So, you've had a chance to go over this Plea Agreement in detail with your attorney?
>
> The Defendant: Yes.
>
> The Court: Has he answered all your questions?
>
> The Defendant: Yes.
>
> The Court: Has he done what you've asked him to do?
>
> The Defendant: Yes.
>
> The Court: Do you need more time to talk to him?
>
> The Defendant: No.

5

Case No. 2022-A-0106

The court then had Haines read the terms of the Plea Agreement into the record himself, repeatedly questioning him if he had questions, understood what he was reading, and if he agreed. In the absence of contrary evidence, Haines' statements at the plea hearing are conclusive as to whether he had an adequate opportunity to review the terms of the Agreement.

{¶16} Haines also asserts ineffective assistance on the grounds that the reliability of the proceedings was undermined by trial counsel's failure to bear skill and knowledge: "A review of the docket reveals that trial counsel filed no substantive motions outside of initial pleadings including entering an appearance, demanding discovery, requesting a bill of particulars, and demanding a notice of intent by the State. The only motion filed outside of standard initial pleadings was a request for Appellant to travel out of Ohio for one night. Certainly, a review of any children service records would be pertinent in a child rape case, however, defense counsel withdrew [his] subpoena for the same." Brief of Appellant at 9. Again, we disagree.

{¶17} A review of the docket evidences trial counsel's due diligence and competence in his representation of Haines. Counsel withdrew the subpoena duces tecum issued to the Ashtabula County Children Services Board in February 2022. The subpoena was withdrawn, however, "pursuant to [r]epresentation from the State of Ohio that no other records exist to its knowledge other than those being produced pursuant to the discovery requests previously submitted by Defendant and that if any additional records that would otherwise have been covered by the subpoena are discovered the Ashtabula County Prosecutor's Office will notify the undersigned counsel of same so that

6

a new subpoena for same can be issued." Under these conditions, there was nothing derelict about counsel's withdrawal of the subpoena.

{¶18} On two occasions trial counsel obtained continuances of the plea deadline hearing. The first time was in March 2022. For cause, counsel argued that, in light of the on-going discovery and serious nature of the charges, he needed "additional time to receive, analyze and discuss all of the material that has been received to date as well as the additional material that is to be received." Counsel sought another extension in June 2022. Counsel requested additional time to review "tens of thousands of digital media files" received in discovery the preceding month. Additionally, counsel advised the trial court that plea negotiations had been delayed "due [to] the necessity to reschedule a meeting with the victim and her family." Although counsel sought an extension of at least sixty days, it would be four months before a plea agreement was reached.

{¶19} In light of this record, Haines' claim that trial counsel failed "to take *any* action in his defense before encouraging him to plead" is unsubstantiated. Similarly, Haines' arguments that "[c]ounsel neglected to challenge a single piece of evidence that led to his conviction and failed to negotiate any meaningful plea in his favor" do not raise colorable claims of ineffective assistance. Brief of Appellant at 11. Haines fails to identify any particular evidence produced by the State or the grounds on which it could have been challenged. The State's several Notices of Submission and Intent to Use Evidence filed prior to the plea hearing attest the quantity (if not the quality) of the evidence against Haines. Moreover, the State agreed to dismiss Counts One and Five of the Indictment as part of the Plea Agreement which is significant in that Count One carried a potential

7

maximum sentence of life imprisonment. *See* R.C. 2907.02(A)(1)(b) and (B) and R.C. 2971.03(A)(3)(d)(i).

{¶20} Haines argues that his plea was invalid because "the trial court failed to explain that Appellant could not appeal his sentence in this case" since, "[u]nder R.C. 2953.08, a stipulated sentence is not subject to appeal as [of] right." Brief of Appellant at 12-13. This court has expressly rejected the argument raised by Haines on the grounds that such an advisement is not required by Criminal Rule 11(C) at the time of accepting a guilty plea, by Criminal Rule 32(B)(2) at the time of sentencing, or by any constitutional requirement: "[T]he trial court does not have a duty to advise a defendant that a jointly recommended sentence is precluded from appellate review," so that "[t]he trial court's failure to advise appellant of the limitation found in R.C. 2953.08(D)(1) was not error." *State v. Weir*, 11th Dist. Ashtabula No. 2017-A-0039, 2018-Ohio-2827, ¶ 21 (cases cited).

{¶21} Finally, since none of the preceding arguments indicate that Haines is entitled to relief and he has failed to submit evidentiary materials sufficient to demonstrate a manifest injustice, we reject the claim that he was entitled to a hearing on the Motion to Withdraw Plea. *Kurdi*, 2022-Ohio-4459, at ¶ 7.

{¶22} The assignments of error are without merit.

{¶23} For the foregoing reasons, Haines' convictions for three counts of Rape are affirmed. Costs to be taxed against the appellant.


JOHN J. EKLUND, P.J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2022-A-0106