[Cite as *State v. Haines*, 2024-Ohio-2321.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2024-A-0019** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| DOUGLAS JEFFREY HAINES, | Trial Court No. 2022 CR 00016 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: June 17, 2024
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Christopher R. Fortunato*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Douglas Jeffrey Haines*, pro se, PID# A793-893, Belmont Correctional Institution, 68518 Bannock Road, P.O. Box 540, St. Clairsville, OH 43950 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Douglas Jeffrey Haines, appeals the denial of his petition for postconviction relief. For the following reasons, we affirm the decision of the court below.

{¶2} On January 13, 2022, the Ashtabula County Grand Jury indicted Haines on one count of Rape (Count One), a felony of the first degree in violation of R.C. 2907.02(A)(1)(b) and (B), and four counts of Rape (Counts Two to Five), felonies of the first degree in violation of R.C. 2907.02(A)(2) and (B).

{¶3} On October 14, 2022, a Written Plea of Guilty and Plea Agreement was entered in the trial court's docket. According to the Agreement, Haines entered a plea of "guilty" to Rape (Counts Two to Four) in exchange for the State dismissing the remaining Rape charges (Counts One and Five). Moreover, the parties "[s]tipulate[d] to an agreed upon sentence of 9 years on Counts 3 and 4 and 10 years on Count 2, each count consecutive to one another for a total of 28-33 years in prison."

{¶4} On the same date, the trial court issued a Judgment Entry of Guilty to Negotiated Plea and Sentencing.

{¶5} On March 31, 2023, Haines filed a Motion to Withdraw Plea on the grounds that the plea was not entered knowingly, intelligently, and voluntarily. Specifically, Haines alleged that he was not advised that his stipulated sentence was not subject to appeal under R.C. 2953.08. He also alleged trial counsel was ineffective in that counsel "fail[ed] to take *any* action in his defense before encouraging him to plead": "Defendant was provided a proposal and plea paperwork the day of his scheduled hearing on October 12, 2022. Defendant was given little to no time to review the [plea agreement] with his attorney before being rushed into the courtroom to go on the record. In fact, Defendant was led to believe by his attorney that he had no other option but to take the plea deal, as it was offered that day."

{¶6} The trial court denied the Motion to Withdraw Plea on April 19, 2023. This Court subsequently affirmed the denial of the Motion to Withdraw Plea. *State v. Haines*, 2023-Ohio-3016 (11th Dist.).

{¶7} On December 20, 2023, Haines filed a Postconviction Petition to Set Aside Judgment of Conviction and/or Sentence pursuant to R.C. §2953.21. The basis for the

2

Petition was that the plea was not knowing, intelligent, or voluntary on account of coercion by the trial court judge and ineffective assistance of counsel:

> Petitioner argues that his guilty plea was coerced by the judge and the judge's interference and participation in the plea negotiations, and by implied threats made by counsel that the judge would "max" him out. . . . [T]he judge, during negotiations sent his clerk to pressure the Petitioner and his counsel to "hurry up" because he had an appointment. Petitioner claims that his plea was involuntar[y] because the judge impermissibly participated in the plea negotiations. Fed.R. Crim. Proc. 11 proscribes judicial participation in plea negotiations [as] prohibited. The clerk interrupted negotiations three times. . . . [C]ounsel failed to make certain the Petitioner was entering into an agreement intelligently. The Petitioner told him he did not understand the plea and asked to read it for himself. When the [c]lerk continually interrupted the plea negotiation, the lawyer ignored his requests and rushed him into the courtroom. Out of fear he entered into the courtroom, was counseled to answer the judge's questions affirmatively and read the plea out loud. However, the Petitioner['s] first reading of the plea agreement[] should not have been when he was entering it into the record. It was ineffective assistance of counsel that caused this to happen.

In support of the Petition affidavits were attached from Haines and his parents (David and Cynthia Haines).

{¶8} On January 10, 2024, the trial court denied the Petition without hearing. The court ruled:

> Defendant raised both the issue of his guilty plea and the issue of ineffective assistance of counsel on direct appeal. The Eleventh District rejected Defendant's arguments and affirmed his convictions for three counts of Rape. *State v. Haines*, 11th Dist. Ashtabula No. 2022-A-0106, 2023-Ohio-3016, ¶ 23.
>
> Further, the affidavits that Defendant included with his petition neither present newly discovered evidence nor materially advance Defendant's claim. The affidavits speak to matters which were known by the Defendant before his guilty plea and sentence or could have been known through reasonable diligence. The affidavits also express the affiants' dissatisfaction with Attorney Fairchild and the agreed upon sentence.

3

Based on the foregoing, the arguments raised in Defendant's petition are barred by res judicata, and the affidavits included with the petition do not defeat the doctrine's application. Accordingly, Defendant has not set forth sufficient operative facts to establish substantive grounds for relief.

{¶9} On February 6, 2024, Haines filed a Notice of Appeal. On appeal, he raises the following assignments of error:

[1.] The trial court abused its discretion by denying appellant's post-conviction [petition] without a hearing violating his rights under the Ohio Constitution Article I, §10 and rights under the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

[2.] The trial court erred in denying appellant's post-conviction petition showing where appellant was denied his right to the effective assistance of counsel and due process as guaranteed under the Ohio Constitution Article I, §10 and rights under the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

The assignments of error will be considered jointly.

{¶10} On appeal, Haines argues the merits of his Postconviction Petition, i.e., that his plea was invalid: the trial court judge's interference with the plea negotiations rendered the plea involuntary, unknowing, and/or unintelligent and trial counsel's ineffectiveness allowed the invalid plea to be entered. The trial court did not deny the Petition on its merits, however, but on the grounds of res judicata. Haines' arguments do not address the applicability of res judicata to his Petition which, nevertheless, is determinative of this appeal.

{¶11} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which

4

Case No. 2024-A-0019

resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. "The Supreme Court of Ohio will apply the doctrine of res judicata in determining whether postconviction relief should be given under Section 2953.21 et seq., Revised Code." *Id.* at paragraph eight of the syllabus. "If the trial court finds, on the facts of a case, that a petitioner's claim was fully litigated at trial or upon appeal, or that the claim could have been fully litigated in an appeal, the court can summarily dismiss the claim as barred by res judicata." *State v. Lester*, 41 Ohio St.2d 51, 55 (1975).

{¶12} Relevant to the circumstances of the present case, it has often been held that "[r]es judicata applies to bar raising piecemeal claims in successive postconviction relief petitions or motions to withdraw a guilty plea that could have been raised, but were not, in the first postconviction relief petition or motion to withdraw a guilty plea." *State v. Kent*, 2003-Ohio-6156, ¶ 6 (4th Dist.); *State v. Kendrick*, 2022-Ohio-634, ¶ 26 (2d Dist.) (same); *State v. Nicholson*, 2021-Ohio-2584, ¶ 23 (8th Dist.) (same); *State v. Wilson*, 2021-Ohio-2205, ¶ 17 (10th Dist.) (same); *State v. Bene*, 2020-Ohio-1560, ¶ 12-14 (11th Dist.) (same).

{¶13} Courts of appeal "review a decision to grant or deny a petition for postconviction relief . . . under an abuse-of-discretion standard." *State v. Hatton*, 2022-Ohio-3991, ¶ 38.

{¶14} In the present case, the claims raised in Haines' Postconviction Petition are claims that could have been raised in the Motion to Withdraw Plea and so are properly barred by res judicata. In substance, moreover, Haines is raising the same claims in his Postconviction Petition that were raised in the Motion to Withdraw Plea, i.e., he did not

5

have an adequate opportunity to read or comprehend the plea agreement before being rushed into entering his guilty plea. In the Motion to Withdraw Plea, Haines emphasized that it was trial counsel that rushed him into entering a plea whereas in the Postconviction Petition the emphasis was on the conduct of the trial court judge. In both the Motion and the Petition, Haines claims trial counsel was ineffective for allowing him to enter the plea without understanding it.

{¶15} The Supreme Court of Ohio has "recognized that res judicata is not to be so rigidly applied 'when fairness and justice would not support it.'" (Citation omitted.) *AJZ's Hauling, L.L.C. v. TruNorth Warranty Programs of N. Am.*, 2023-Ohio-3097, ¶ 18. There is no injustice by its application in the present circumstances. As noted by the trial court, the affidavits submitted in support of the Postconviction Petition do not contain newly discovered evidence, but rather attest to purported circumstances of which Haines was aware when he entered his plea and when he filed the Motion to Withdraw Plea. It is also worth noting the circumstances described in the affidavits are flatly contradicted by the statements made by Haines to the trial court judge during the plea hearing. *Haines*, 2023-Ohio-3016, at ¶ 15 (Haines affirmed that he had the opportunity to review the plea agreement with trial counsel and did not need additional time before making a plea); *see State v. Bragenzer*, 2003-Ohio-5597, ¶ 15 (4th Dist.) ("when a petitioner[']s affidavit states, contrary to transcript reflecting compliance with Crim.R. 11, that his guilty plea was not voluntary, the record reflecting compliance with Crim.R. 11 has greater probative value"); *State v. Zendarski-Metcalf*, 2024-Ohio-780, ¶ 17 (11th Dist.) ("[t]his court and others have considered a defendant's statements at the plea hearing in determining whether the reasons for the request to withdraw a plea have merit").

6

{¶16} With respect to Haines' claims of ineffective assistance of counsel, we note the holding of the Ohio Supreme Court that "res judicata does not bar a postconviction ineffective-assistance-of-counsel claim when either (1) the petitioner had the same attorney at trial and on appeal or (2) he must rely on evidence outside the trial court record to establish his claim for relief." *State v. Blanton*, 2022-Ohio-3985, ¶ 2. Stated otherwise, "when the petitioner had a new attorney on appeal and the claim could have been litigated based on the trial record, res judicata applies and the postconviction claim is barred." *Id.* Inasmuch as Haines' argument that the plea was not knowing or voluntary could not have been raised in a direct appeal (because it relied on evidence outside the record), it could be argued that res judicata does not apply. The rule stated in *Blanton*, however, does not apply to the present circumstances. While Haines would not have had the opportunity to present evidence in support of counsel's ineffectiveness in a direct appeal, Haines' prior appeal was from a Motion to Withdraw Plea in which Haines did have the opportunity to raise claims of ineffective assistance based on evidence outside of the record. *See State v. Hubal*, 2023-Ohio-4100, ¶ 27 (5th Dist.) ("[a] defendant must support the allegations made in a motion to withdraw a plea with affidavits and/or the record").

{¶17} The two assignments of error are without merit.

{¶18} For the foregoing reasons, the denial of Haines' petition for postconviction relief is affirmed. Costs to be taxed against the appellant.


JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.

7

Case No. 2024-A-0019