[Cite as *State v. Zendarski-Metcalf*, 2024-Ohio-780.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

DEVEN ZENDARSKI-METCALF,

        Defendant-Appellant.

**CASE NO. 2023-L-078**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2023 CR 000022

## **O P I N I O N**

Decided: March 4, 2024
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Kristi L. Winner*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Joseph C. Patituce* and *Catherine R. Meehan*, Patituce & Associates, LLC, 16855 Foltz Industrial Parkway, Strongsville, OH 44149 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Deven Zendarski-Metcalf, appeals from the judgment of the Lake County Court of Common Pleas, denying his request to withdraw his guilty plea. For the following reasons, we affirm the judgment of the lower court.

{¶2} On January 10, 2023, Zendarski-Metcalf was indicted for two counts of Rape, felonies of the first degree, in violation of R.C. 2907.02(A)(1)(c); two counts of Sexual Battery, felonies of the third degree, in violation of R.C. 2907.03(A)(2); two counts of Unlawful Sexual Conduct with a Minor, felonies of the fourth degree, in violation of R.C.

2907.04(A); and two counts of Gross Sexual Imposition, felonies of the fourth degree, in violation of R.C. 2907.05(A)(5).

{¶3} On May 10, 2023, Zendarski-Metcalf entered a plea of guilty to two counts of Sexual Battery. Defense counsel indicated the defendant's intention to enter a plea and stated that "no threats or promises have been made." The court advised Zendarski-Metcalf of the rights waived by entering a guilty plea. The court inquired as to whether anyone had promised him a certain sentence for pleading guilty or whether he had been threatened or coerced in any way, which he answered in the negative. The court inquired whether he had enough time to speak with counsel prior to pleading, whether counsel had discussed the case and answered all of his questions, and whether he was satisfied with the advice counsel had given, to which he responded in the affirmative. The State indicated that the facts would have demonstrated Zendarski-Metcalf engaged in sexual conduct with a minor, 15-year old female who was "very intoxicated." The court accepted the guilty pleas and entered findings of guilt.

{¶4} On June 29, 2023, a sentencing hearing was held. Zendarski-Metcalf was ordered to serve consecutive prison terms of four years for each of the offenses, for a total term of eight years. The remaining charges were dismissed.

{¶5} Zendarski-Metcalf appealed. On October 11, 2023, he filed a motion in the trial court to withdraw his plea, arguing that during conversations with his attorney, he was "threatened with the maximum consecutive sentences," "was led to believe * * * that he had no other option but to take the plea deal," and counsel failed to file motions or otherwise defend the case on his behalf. Attached was an affidavit of Tara Zendarski, the defendant's mother, which stated that his attorney "coerced [her] son into entering

2

into a plea agreement," "used the threat of a maximum sentence to convince [her] son to enter a plea," and stated "he would never see his grandmother again if he proceeded to trial." On remand, the trial court denied the motion without a hearing, finding that Zendarski-Metcalf failed to identify the threat in counsel's conveyance of the serious penalties he faced, failed to demonstrate defenses that could have been raised had he not pled guilty, and he had opportunities to address the "threats" during the plea colloquy.

{¶6} On appeal, Zendarski-Metcalf raises the following assignments of error:

{¶7} "[1.] The trial court abused its discretion by denying Appellant's Motion to Withdraw Plea.

{¶8} "[2.] The trial court erred in denying appellant's Motion to Withdraw Plea where Appellant was denied the effective assistance of counsel and due process as guaranteed by the Sixth and Fourteenth Amendments.

{¶9} "[3.] The Trial Court erred in denying Appellant's Motion without an evidentiary hearing."

{¶10} In his first assignment of error, Zendarski-Metcalf argues that his plea was not entered knowingly due to defense counsel's coercion, since counsel threatened him with a maximum sentence and stated that if he proceeded to trial, he would be unlikely to see his grandmother again. He also contends that counsel failed to take substantive action in the case prior to encouraging him to enter the plea. In his second assignment of error, he argues that trial counsel was ineffective for the reasons stated above. Since these arguments are interrelated, we will consider them jointly.

{¶11} Pursuant to Crim.R. 32.1, a trial court may only grant a defendant's postsentence motion to withdraw a plea of guilty to correct manifest injustice. "[I]f a

3

defendant shows that he or she did not enter a plea knowingly, intelligently or voluntarily, the defendant may establish a manifest injustice sufficient to warrant withdrawal of the guilty plea under Crim.R. 32.1." (Citation omitted.) *State v. Artuso*, 11th Dist. Ashtabula No. 2022-A-0009, 2022-Ohio-3283, ¶ 21; *Conneaut v. Babcock*, 11th Dist. Ashtabula No. 2023-A-0036, 2023-Ohio-4605, ¶ 21. "[A] postsentence withdrawal motion is allowable only in extraordinary cases." *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *Id.* at paragraph one of the syllabus.

{¶12} An appellate court reviews a trial court's decision on a motion to withdraw a plea under an abuse of discretion standard. *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 15; *Smith* at paragraph two of the syllabus ("[a] motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court"). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶13} Ineffective assistance of counsel can provide a basis for seeking withdrawal of a guilty plea post-sentence. *State v. Corradetti*, 11th Dist. Lake No. 2021-L-084, 2022-Ohio-1280, ¶ 30. "'When the alleged error underlying a motion to withdraw a guilty plea is ineffective assistance of counsel, the defendant must show that (1) trial counsel's performance was deficient; and (2) there is a reasonable probability that, but for counsel's

4

errors, the defendant would not have entered a plea.'" (Citation omitted.) *Id.*, citing *State v. Leifheit*, 2d Dist. Clark No. 2019-CA-78, 2020-Ohio-5106, ¶ 26; *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶14} Zendarski-Metcalf first claims that his plea was involuntarily entered because trial counsel coerced him into entering a guilty plea, which also constituted ineffective assistance of counsel. This assertion is supported by the affidavit of his mother that counsel "used the threat of a maximum sentence to convince [her] son to enter a plea," and stated "he would never see his grandmother again if he proceeded to trial."

{¶15} It has been consistently held that it is appropriate for defense counsel to advise the defendant regarding the maximum sentence he faces and to give a frank assessment of the possible outcomes in the case if the matter proceeds to trial. In *State v. Moore*, 8th Dist. Cuyahoga Nos. 108962, et al., 2020-Ohio-3459, the court rejected the defendant's request to withdraw his plea on the basis that defense counsel "made him" fear the consequences of going to trial and he felt pressured to enter a plea. The court held: "Defense counsel's expression of opinion regarding the strength of the state's case, his or her explanation of the worst case scenario or other possible sentencing scenarios if the defendant were to go to trial and lose and defense counsel's recommendation regarding whether to accept a plea deal 'does not amount to coercion' or duress sufficient to justify withdrawal of a guilty plea; 'it is merely evidence of * * * defense counsel doing his job.'" (Citation omitted.) *Id.* at ¶ 60. Similarly, in *State v. Trubee*, 3d Dist. Marion No. 9-03-65, 2005-Ohio-552, the court rejected the defendant's argument that his plea was coerced and that he "only agreed to plead guilty because his counsel 'scared' him by telling him that if he did not accept the negotiated plea he would be 'looking at serious,

5

worse things.'" *Id.* at ¶ 12. The court found it is "clearly appropriate for defense counsel to advise his client that he will be facing stiffer penalties if he does not plead guilty and is convicted of burglary." *Id.* at ¶ 13. *Also State v. Watts*, 6th Dist. Lucas No. L-84-218, 1985 WL 7617, *3 (Sept. 27, 1985) (counsel's alleged "heavy emphasis" on a reduced sentence was not coercion since "[a]n attorney has a duty to inform his client of the possible sentencing periods that are applicable to a conviction upon which the client is charged"); *State v. Williams*, 2d Dist. Montgomery No. 26635, 2016-Ohio-5655, ¶ 18-19 (finding that the defendant's complaint that he was pressured to plead guilty was not supported by the record when "[d]efense counsel strongly believed that [he] would be convicted and that accepting the plea deal was in his client's best interest," conveyed these opinions to the defendant, and encouraged him to accept the plea deal).

{¶16} It was not inappropriate for counsel to advise Zendarski-Metcalf of the potential for a lengthy sentence and to give advice that entering a plea was advisable. An advisement of the maximum sentence faced, coupled with advice that a guilty plea is advisable, is not a "threat" but necessary legal advice. While indicating that Zendarski-Metcalf would not be released until his grandmother passed away may be an inartful way of indicating the consequences to a defendant, it does not follow that counsel's advice constituted coercion.

{¶17} Zendarski-Metcalf's arguments are also refuted by the statements made at the plea hearing. At the hearing, he indicated that he had not been threatened or coerced to enter his plea and responded that he was satisfied with the advice of counsel, had time to speak with counsel, and counsel had answered his questions. This further weighs in favor of a conclusion that his plea was not a product of coercion or otherwise a result of

6

Case No. 2023-L-078

ineffective assistance of counsel. This court and others have considered a defendant's statements at the plea hearing in determining whether the reasons for the request to withdraw a plea have merit. In *State v. McCarty*, 11th Dist. Portage No. 2015-P-0064, 2016-Ohio-4734, this court found that "[a]lthough appellant testified * * * that he felt coerced to enter the plea of guilty because of certain scare tactics his counsel employed, the record of the plea hearing does not support this allegation" where he indicated that he had not been coerced or threatened, had reviewed the plea agreement with his attorney, and signed the agreement voluntarily. *Id.* at ¶ 40. *See also State v. Miller*, 12th Dist. Clermont No. CA2016-08-057, 2017-Ohio-2801, ¶ 23 (finding no error in denying a post-sentence motion to withdraw plea where the defendant acknowledged at the plea hearing that he was satisfied with counsel and that he was not pressured to enter a plea); *State v. Rance*, 8th Dist. Cuyahoga No. 104619, 2017-Ohio-1446, ¶ 16 (while the defendant claimed counsel "pressured and coerced him into pleading guilty," the record showed that he had indicated he was satisfied with his counsel's representation and the plea was not coerced or forced).

{¶18} It is also noteworthy that Zendarski-Metcalf received a significant benefit from his pleas. He pled guilty to two counts of Sexual Battery and, in return, the remaining six counts, including two counts of Rape, first degree felonies, were dismissed. Convictions for Rape would have subjected him to the potential for a much longer sentence. Courts have considered a favorable outcome for a defendant in evaluating ineffective assistance claims in relation to the voluntary nature of the plea. *See State v. Pringle*, 12th Dist. Brown No CA2015-08-023, 2016-Ohio-1149, ¶ 12 (where defense counsel was "able to wheedle down nine counts * * * to one felony with a firearm

7

specification and one misdemeanor count * * * [s]uch a favorable result can hardly be deemed ineffective assistance of counsel"); *State v. Gotel*, 11th Dist. Lake No. 2006-L-015, 2007-Ohio-888, ¶ 20 (rejecting a claim that ineffective assistance rendered the plea involuntary, observing the benefits the defendant received from the guilty plea).

{¶19} Zendarski-Metcalf also claims that counsel failed to take any substantive action in his defense prior to encouraging him to enter a guilty plea. He does not specify what action he believes should have been taken by counsel or how it impacted the voluntary nature of his plea. "A plea of guilty * * * waives any prejudice a defendant suffers arising out of his counsel's alleged ineffective assistance, except with respect to a claim that the particular failure alleged[ly] impaired the defendant's knowing and intelligent waiver of his right to a trial." (Citation omitted.) *State v. Francis*, 11th Dist. Trumbull No. 2009-T-0015, 2010-Ohio-2686, ¶ 92. Nonetheless, we do observe that counsel took action in this matter apart from the entry of the plea, including filing a motion for discovery and seeking an extension of the plea deadline hearing to review the discovery materials. Although Zendarski-Metcalf emphasizes that counsel did not take action to challenge the evidence, it is unclear on what grounds a challenge was warranted in these circumstances and we do not find counsel was ineffective in his representation in relation to the plea.

{¶20} The first and second assignments of error are without merit.

{¶21} In his third assignment of error, Zendarski-Metcalf argues that the trial court should have held an evidentiary hearing in this matter since he presented affidavit testimony demonstrating the comments made by counsel addressed above.

{¶22} "[T]he decision as to whether to hold a hearing [is] entrusted to the sound

8

discretion of the trial court." *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, 129 N.E.3d 404, ¶ 34. "[A] trial court need not hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea if the record indicates the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." (Citations omitted.) *State v. Kurdi*, 2022-Ohio-4459, 203 N.E.3d 796, ¶ 7 (11th Dist.); *State v. Haines*, 11th Dist. Ashtabula No. 2022-A-0106, 2023-Ohio-3016, ¶ 12 ("[a] hearing is required on a post-sentence Crim.R. 32.1 motion if the facts alleged by the defendant and accepted as true by the trial court would require the court [to] permit a guilty plea to be withdrawn") (citation omitted).

{¶23} For the reasons discussed above, the motion and affidavit submitted by Zendarski-Metcalf did not demonstrate a manifest injustice. If accepted as true, they did not demonstrate coercion or ineffective assistance rendering the plea involuntary. The trial court did not err in failing to hold an evidentiary hearing. *Haines* at ¶ 21 ("since none of the preceding arguments indicate that Haines is entitled to relief and he has failed to submit evidentiary materials sufficient to demonstrate a manifest injustice, we reject the claim that he was entitled to a hearing on the Motion to Withdraw Plea").

{¶24} The third assignment of error is without merit.

{¶25} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, denying Zendarski-Metcalf's request to withdraw his guilty plea, is affirmed. Costs to be taxed against appellant.

EUGENE A. LUCCI, P.J.,

JOHN J. EKLUND, J.,

concur.

9

Case No. 2023-L-078