[Cite as *State v. Montgomery*, 2025-Ohio-1595.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-A-0063 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| DOUGLAS L. MONTGOMERY, | |
| Defendant-Appellant. | Trial Court No. 2023 CR 00362 |

## OPINION AND JUDGMENT ENTRY

Decided: May 5, 2025
Judgment: Affirmed

*April R. Grabman*, Ashtabula County Prosecutor, and *Dane R. Hixon*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Gregory T. Stralka*, 6509 Brecksville Road, P.O. Box 31776, Cleveland, OH 44131 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1}    Appellant, Douglas L. Montgomery, appeals the judgment of the Ashtabula County Court of Common Pleas denying his motion to withdraw his guilty pleas and sentencing him to an aggregate prison term of 15 years to life for Murder and Aggravated Robbery.

{¶2}    Appellant raises a single assignment of error, contending that he was deprived of his right to a trial when the trial court denied his presentence motion to withdraw his guilty pleas.  Appellant argues that the trial court failed to adequately

consider his claim of ineffective assistance of counsel and to give full and fair consideration to his withdrawal request.

{¶3} Having reviewed the record and the applicable law, we find Appellant's assignment of error to be without merit. Appellant did not raise ineffective assistance of counsel at the change of plea hearing, in his motion to withdraw his pleas, or at the hearing on his motion. Therefore, the trial court's assessment of counsel's competence was reasonable. In addition, the record demonstrates that the trial court gave full and fair consideration to Appellant's plea withdrawal request. Therefore, the trial court did not abuse its discretion in denying Appellant's motion to withdraw his guilty pleas, and we affirm the judgment of the Ashtabula County Court of Common Pleas.

**Substantive and Procedural History**

{¶4} On July 20, 2023, the Ashtabula County Grand Jury indicted Appellant on six felony counts: Count 1, Aggravated Murder, an unclassified felony in violation of R.C. 2903.01(B) and 2929.02(A); Count 2, Murder, an unclassified felony in violation of R.C. 2903.02(B) and (D) and 2929.02(B); Count 3, Aggravated Robbery, a first-degree felony in violation of R.C. 2911.01(A)(1) and (C); Count 4, Attempted Murder, a first-degree felony in violation of R.C. 2923.02, 2903.02(A) and (D), and 2929.02(B); and Counts 5 and 6, Felonious Assault, second-degree felonies in violation of R.C. 2903.11(A) and (D)(1)(a). All counts other than Count 3 carried a firearm specification.

{¶5} The charges relate to an incident in which Appellant and three co-defendants, including Vincent Ballard, drove to a converted "box truck" being used as a residence; Appellant and Ballard got out and robbed the two occupants at gunpoint;

Ballard shot one occupant in the chest and the other in the leg; and Ballard and Appellant then fled the scene. The first victim died from her injuries.

{¶6} On June 28, 2023, Appellant was arraigned, where he pleaded not guilty and was appointed counsel.

{¶7} On August 9, 2023, Appellant, through counsel, filed a motion to determine his competency to stand trial. He also filed a plea of not guilty by reason of insanity and requested an evaluation. On August 10, 2023, the trial court ordered the Forensic Psychiatric Center of Northeast Ohio, Inc. to examine Appellant.

{¶8} On September 20, 2023, Jessica Hart, Ph.D., issued reports in which she opined that Appellant was competent to stand trial and was legally sane at the time of the alleged offenses. On September 27, 2023, the trial court held a competency/sanity hearing. The trial court found that Appellant was competent to stand trial and was legally sane at the time of the alleged offenses. The trial court also issued a scheduling order setting dates for a status conference, a plea deadline, and a jury trial.

{¶9} On December 4, 2023, the trial court held a status conference. The parties indicated that the judge in a separate case had granted Appellant's motion for a second competency evaluation. The trial court granted Appellant's motion to continue the plea deadline and jury trial until the issue of competency was resolved.

{¶10} On February 29, 2024, Pamela Berringer, Ph.D., from Forensic Diagnostic Center of District Nine, Inc. issued a report in which she opined that Appellant was competent to stand trial in the separate case.

{¶11} On April 10, 2024, the trial court held a second competency hearing and found that Appellant was competent to stand trial. During the hearing, Appellant raised

Case No. 2024-A-0063

concerns about his counsel, stating that he was being "railroaded" and that he did not "feel safe" with them. The trial court explained that little activity had occurred in the case other than counsel protecting Appellant's interests by making certain he was competent. Since competency was resolved, the case would move forward, and a trial would be scheduled. The court informed Appellant that it was in his best interest to fully cooperate with counsel to prepare for trial and that they would remain his counsel until the court determined otherwise. The trial court issued a revised scheduling order setting dates for the plea deadline, a jury trial status conference, and the jury trial.

{¶12} On June 10, 2024, the trial court filed a judgment entry stating that it received ex parte communication from Appellant in the form of a handwritten letter; that it did not read or consider the letter; and that the letter was attached for counsel's review. On June 20, 2024, the trial court filed a similar judgment entry regarding another handwritten letter from Appellant.

{¶13} On July 11, 2024, Appellant entered into a written plea agreement in which he agreed to plead guilty to Count 2, Murder, and Count 3, Aggravated Robbery, in exchange for the State's dismissal of the remaining counts and the firearm specifications. The parties stipulated and agreed to sentences of 15 years to life in prison on Count 2 and 10 to 15 years in prison on Count 3, to run concurrently, for an aggregate prison term of 15 years to life.

{¶14} On the same date, the trial court held a change of plea hearing, at which it engaged in a plea colloquy with Appellant pursuant to Crim.R. 11. Appellant confirmed that he had an adequate opportunity to discuss the matter with his counsel; that he did not need more time to do so; that his counsel reviewed discovery with him; and that his

Case No. 2024-A-0063

counsel discussed with him potential witnesses, defenses, and penalties. Appellant also confirmed his satisfaction with his counsel's time, advice, and professionalism. Following the colloquy, Appellant entered guilty pleas to Counts 2 and 3. The trial court accepted Appellant's guilty pleas and found him guilty. The parties waived a presentence investigation, and the matter was set for sentencing.

{¶15} Four days later, on July 15, 2024, Appellant, through counsel, filed a motion to withdraw his guilty pleas. As grounds, Appellant stated that he "proclaims his innocence and has expressed a desire to have a jury trial in this matter." The State filed a brief in opposition to Appellant's motion.

{¶16} On July 18, 2024, the trial court filed another judgment entry indicating it received ex parte communication from Appellant in the form of a handwritten letter; that it did not read or consider the letter; and that the letter was attached for counsel's review.

{¶17} On July 23, 2024, the trial court held a hearing on Appellant's withdrawal motion. The trial court asked Appellant why he wanted to withdraw his pleas, and he replied, "Your Honor, I am innocent. I am one hundred percent innocent . . . ." The trial court considered, on the record, the four-factor test in *State v. Peterseim*, 68 Ohio App.2d 211 (8th Dist. 1980), and the nine-factor test in *State v. Griffin*, 141 Ohio App.3d 551 (7th Dist. 2001), that appellate courts routinely apply in determining whether a trial court abused its discretion in its ruling on a presentence motion to withdraw a plea. After applying those factors, the trial court denied Appellant's withdrawal motion and proceeded to sentencing. The trial court imposed the parties' stipulated and agreed sentence of an aggregate prison term of 15 years to life.

{¶18} Appellant timely appealed and raises a single assignment of error.

Case No. 2024-A-0063

**Assignment of Error and Analysis**

{¶19} Appellant's sole assignment of error states: "Appellant was deprived of his right to a trial when the trial court refused to allow him to withdraw his plea prior to sentencing."

{¶20} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶21} The Supreme Court of Ohio has held that "'[a] presentence motion to withdraw a guilty plea should be freely and liberally granted.'" *State v. Barnes*, 2022-Ohio-4486, ¶ 13, quoting *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). "A defendant does not, however, have an 'absolute right' to withdraw his or her plea, even when a motion to withdraw is made before sentencing." *Id.*, quoting *Xie* at paragraph one of the syllabus. "Before ruling on a defendant's presentence motion to withdraw his plea, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawing the plea." *Id.* "The determination whether there is a reasonable and legitimate basis for the defendant's request to withdraw his plea is 'within the sound discretion of the trial court.'" *Id.*, quoting *Xie* at paragraph two of the syllabus. "Absent an abuse of discretion on the part of the trial court in making its ruling, its decision must be affirmed." *Id.*

{¶22} An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004). "[W]here the issue on review has

been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id.* at ¶ 67.

{¶23} In evaluating whether a trial court properly exercised its discretion in ruling on a presentence motion to withdraw a guilty plea, this Court has historically applied the four-factor test in *Peterseim*, 68 Ohio App.2d. 211. *E.g., State v. Jackson*, 2024-Ohio-2599, ¶ 26 (11th Dist.). Under *Peterseim*, a trial court does not abuse its discretion in denying a motion to withdraw a plea "(1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." *Id.* at paragraph three of the syllabus.

{¶24} Appellant's argument involves the first and fourth *Peterseim* factors. Regarding the first factor–counsel's competence–the trial court stated:

> I have not heard any argument or seen any evidence that [Appellant's] counsel in this proceeding were anything other than highly competent and spent significant time with [Appellant]. This Court has personal knowledge of these two counsel. They appear in this court on a regular basis, and there is no doubt in the view of this Court that they are highly competent counsel.

{¶25} Appellant argues that the trial court "failed to address critical concerns that were raised during the proceedings of the case." Specially, the court "failed to take into account any part of the breakdown of trust between" Appellant and his counsel. According to Appellant, the April 10, 2024 hearing "clearly shows a lack of confidence"

based on Appellant's statements that he was being "railroaded" and that he did not feel "safe."

{¶26} Ineffective assistance of counsel can provide a basis for seeking withdrawal of a guilty plea. *State v. Zendarski-Metcalf*, 2024-Ohio-780, ¶ 13 (11th Dist.). When ineffective assistance underlies a motion to withdraw a guilty plea, the defendant must show that (1) trial counsel's performance was deficient and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have entered a plea. *Id.*

{¶27} Appellant is correct that he raised the issue of ineffective assistance during the April 10, 2024 hearing. However, the purpose of the hearing was to determine Appellant's competency for trial. As the trial court explained, there had been little activity in the case at that point.

{¶28} Appellant also criticized his counsel in the undated, handwritten letters he sent to the trial court. However, the trial court treated those letters as improper ex parte communication that it could not ethically consider. Appellant does not contend that the trial court erred in that regard.

{¶29} Crucially, on July 11, 2024, Appellant entered written and oral guilty pleas to Counts 2 and 3. During the plea colloquy, the trial court specifically asked Appellant about his satisfaction with counsel's performance, and he expressed no concerns. Appellant does not contend that his guilty pleas were not knowingly, voluntarily, and intelligently entered. He also does not contend that his counsel committed *any* errors, much less that he would not have pleaded guilty but for such errors.

{¶30} Appellant also did not raise ineffective assistance as his reason to withdraw his guilty pleas in his motion filed on July 15, 2024, or at the hearing on July 23, 2024.

Case No. 2024-A-0063

Rather, Appellant raised his innocence and his desire for a jury trial as his reasons.[1] Therefore, when viewed in proper context, the trial court's assessment of counsel's competence was reasonable.

{¶31} The fourth *Peterseim* factor is whether the record reveals the trial court gave full and fair consideration to Appellant's plea withdrawal request. Appellant argues that the trial court relied on facts that were not part of the record. In support, Appellant cites the trial court's following statement:

> This Court having presided over all the Defendants in this case, and having heard the statements and testimony of all defendants as well as the comments made by the prosecuting attorney that the evidence would have shown in this case, I do not find any indication whatsoever that this Defendant, particularly in view of his plea, is perhaps not guilty or that he has a complete defense to the charge.

{¶32} Appellant cites the trial court's statement out of context. The trial court made this statement during its consideration of the nine-factor test in *Griffin*, 141 Ohio App.3d. at 554. One such factor is "whether the accused was perhaps not guilty or had a complete defense to the charge." *Id*.

{¶33} Appellant argues that he was "not privy to any of the information" that the trial court referenced and was not "given an opportunity to respond or refute" it. Presumably, Appellant is objecting to the trial court's reference to "the statements and testimony" of his co-defendants. However, it appears that Appellant was well aware of his co-defendants' versions of events. For instance, the docket indicates that the State produced considerable discovery to Appellant. In one discovery response, the State produced notes and recordings of the police's interviews with Appellant's co-defendants.

---

1. The transcript shows that Appellant criticized his counsel during the sentencing portion of the July 23, 2024 hearing after the trial court denied his withdrawal motion. Appellant does not reference this exchange on appeal; therefore, we do not discuss it.

Case No. 2024-A-0063

The trial court granted Appellant's motions to transcribe the interviews of two co-defendants, and Appellant filed motions in limine based on statements made during those interviews.

{¶34} Further, the transcript shows that the trial court considered several other factors in ruling on Appellant's withdrawal motion. As the State noted in its brief in opposition, Appellant unsuccessfully sought to withdraw his guilty pleas in a prior case, claiming that he was "railroaded." *See State v. Montgomery*, 2017-Ohio-1414, ¶ 19 (11th Dist.).

{¶35} Based on this Court's review of the record, we find that the trial court gave full and fair consideration to Appellant's plea withdrawal request.

{¶36} In sum, the trial court did not abuse its discretion in denying Appellant's presentence motion to withdraw his guilty pleas. Accordingly, Appellant's sole assignment of error is without merit.

{¶37} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.

ROBERT J. PATTON, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2024-A-0063

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignment of error is without merit. It is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.

Costs to be taxed against Appellant.

_____
JUDGE JOHN J. EKLUND

_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE MATT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2024-A-0063