[Cite as *State v. Pugh*, 2025-Ohio-2304.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>    Plaintiff-Appellee,<br><br>    - vs -<br><br>KARL E. PUGH,<br><br>    Defendant-Appellant. | CASE NO. 2024-P-0064<br><br><br>Criminal Appeal from the<br>Court of Common Pleas<br><br><br>Trial Court No. 2022 CR 01371 |

## OPINION AND JUDGMENT ENTRY

Decided: June 30, 2025
Judgment: Affirmed

*Connie J. Lewandowski*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Paul M. Grant*, 209 South Main Street, Eighth Floor, Suite 3, Akron, OH 44308 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1}    Defendant-appellant, Karl E. Pugh, appeals his convictions for ten counts of pandering sexually oriented material involving a minor following the entry of guilty pleas.  For the following reasons, Pugh's convictions are affirmed.

{¶2}    The trial court has summarized the procedural posture of the underlying case as follows:

> Defendant was indicted with ten counts of Pandering Sexually Oriented Matter Involving a Minor and ten counts of Illegal Use of a Minor in Nudity Oriented Material on November 29, 2022.  The Defendant was arraigned on November 30, 2022, represented by the Public Defender's office.  On December 9, 2022, Attorney Jay Milano filed a notice of appearance, and was retained to represent Defendant.  Over the next sixteen months, the case was scheduled for pretrial and jury trial eleven times, each date continued at the request of defense counsel for additional time to review the

voluminous discovery, discuss plea negotiations, and potentially consult with an expert. Defendant pled guilty on April 12, 2024, and signed a written plea to ten counts of Pandering Sexually Oriented Matter Involving a Minor, Felonies of the 2nd degree. A pre-sentence investigation and a sex offender risk assessment were ordered. The presentence report was completed on April 29, 2024 and sentencing was scheduled for June 10, 2024. On May 22, 2024, Attorney Mastandrea filed a notice of appearance of representation, a discovery demand, and a motion to withdraw the plea of guilty. On May 30, 2024, Attorney Milano filed a motion to withdraw from his representation of defendant.

At the June 10, 2024 sentencing hearing, Attorney Mastandrea appeared on behalf of the Defendant and requested the Defendant be permitted to withdraw his plea. Attorney Milano was not present. The Court rescheduled the hearing for July 22, 2024 and ordered the transcripts of the plea hearing on April 12, 2024 and the June 10, 2024 hearing be provided to the State and defense counsel for review.

The July 22, 2024 hearing was continued at the request of the State to August 7, 2024.

{¶3} On August 8, 2024, the trial court denied Pugh's motion to withdraw his guilty pleas. The court explained its decision as follows:

In the present case, Defendant was represented by highly qualified counsel, Attorney Jay Milano. Since the arraignment on the charges in November 2022, eleven pre-trials and status conferences were scheduled during which the State of Ohio and defense counsel engaged in plea negotiations. Attorney Milano communicated with Assistant Prosecutor Kiah that he had consulted with an expert during his representation of Defendant regarding the evidence. The offer made by the State to resolve the case was made early on in the plea negotiations, and per Attorney Milano to the prosecutor, he provided the written plea form to the Defendant via email well in advance of the April 12, 2024 plea hearing. A full Criminal Rule 11 plea hearing was held April 12, 2024, during which defendant clearly indicated that he understood the potential penalties and his constitutional rights. The Defendant was given the opportunity to ask questions and have further explanation provided regarding the potential penalties. The Defendant indicated he understood the rights he was waiving and the penalties for the offenses. He then waived those rights and pled guilty to the reduced number of charges.

The Defendant participated in his Pre-sentence investigation, providing a written statement indicating that he "ultimately has to take responsibility", although claims he was a "victim of Identity Theft". The Defendant was afforded two full hearings for the Court to consider the request to withdraw his pleas. At the June 10, 2024 hearing, the Defendant claimed he did not understand any of the plea colloquy due to his father having passed away eight days prior. The Defendant stated that he graduated from high school, maintained employment as an adult, and is currently managing his father's company, despite the challenges in doing so. Defendant further claimed that Attorney Milano "promised" him that he would receive five years of probation at sentencing, in lieu of a prison sentence, even though the Court clearly advised him of the potential prison sentence for his offenses.

After considering the factors referenced above, the Court finds Defendant has failed to provide a reasonable, legitimate basis for withdrawal of his pleas, and the guilty pleas were entered into knowingly, voluntarily, and intelligently.

{¶4} Pugh was sentenced to an aggregate indefinite prison sentence of between two and three years.

{¶5} On appeal, Pugh raises the following assignments of error:

[1.] The trial court abused its discretion when it denied Mr. Pugh's motion to withdraw his guilty plea because his plea was not knowingly, intelligently, and voluntarily made.

[2.] Mr. Pugh was denied his right to effective assistance of counsel guaranteed under the Sixth Amendment to the U.S. Constitution and Article I, Sections 10 & 16 of the Ohio Constitution.

{¶6} In the first assignment of error, Pugh argues that the trial court abused its discretion in denying his motion to withdraw his guilty pleas because the pleas were not knowingly, intelligently, and voluntarily made, specifically, they were based on erroneous legal advice given by his former counsel (Milano) who pressured him to enter the pleas when his ability to understand the consequences of pleading was impeded by the recent death of his father.

Case No. 2024-P-0064

{¶7} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed …." Crim.R. 32.1. As a general rule, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *Id.* at paragraph one of the syllabus. "A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." *Id.* at paragraph two of the syllabus; *State v. Barnes*, 2022-Ohio-4486, ¶ 13, 21-22. Thus, it is for the trial court "to determine what circumstances justify granting such a motion," and for the reviewing court to affirm that decision unless it is unreasonable, arbitrary, or unconscionable. (Citation omitted.) *Id.* at 526-527.

{¶8} We find no abuse of discretion in the denial of Pugh's motion to withdraw his pleas where the motion is based on claims that are flatly contradicted by the evidence of the plea colloquy. Pugh described the circumstances of his plea as follows: "April 12th we come in here, twice in the hallway before coming in here, we asked him (Milano) to explain again what is happening. He said you are saying you're guilty and you're agreeing to a five-year probation period. That's what's happening today. We come in here. There's a whole crazy explanation about all kinds of stuff. We leave. And I said, what was all of that? What just happened? He said, that's just protocol. That's just what they say. That's not what you agreed to." The transcript of the plea hearing (as well as the written plea) demonstrate that the trial court methodically reviewed with Pugh the rights he would be waiving by entering guilty pleas as well as what the potential consequences were, specifically a potential maximum sentence of eighty to eighty-four years if the court

Case No. 2024-P-0064

decided to order consecutive sentences. Additionally, Pugh affirmed that: no one had promised anything except what had been discussed at the hearing; no one was forcing or threatening him to enter the pleas; he was entering the pleas of his own free will; he was satisfied with trial counsel; and he had no questions regarding the rights he was waiving or the consequences of his plea.

{¶9} "This court and others have considered a defendant's statements at the plea hearing in determining whether the reasons for the request to withdraw a plea have merit." *State v. Zendarski-Metcalf*, 2024-Ohio-780, ¶ 17 (11th Dist.) (cases cited); *Xie* at 525 ("[w]e defer to the judgment of the trial court, because 'the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court'") (citation omitted). In addition to being contradicted by the record of the plea colloquy, Pugh's claims are undermined by other circumstances of this case. We note that the charges against Pugh have been pending since November 2022 and that, according to court filings, his father had been critically ill since October 2021 and hospitalized in December 2022. By November 2023, plea negotiations were ongoing. In light of these circumstances, Pugh's claims to have been unaware of or unprepared for what was happening when he entered his pleas in April 2024 are not convincing. Moreover, we note that the trial court gave full and fair consideration to Pugh's arguments. *State v. Facemire*, 2025-Ohio-1500, ¶ 16 (11th Dist.) ("[a] trial court does not abuse its discretion when denying a presentence motion to withdraw a guilty plea: '(1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the

Case No. 2024-P-0064

motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request'") (citation omitted).

{¶10} The first assignment of error is without merit.

{¶11} In the second assignment of error, Pugh claims that he would not have entered his guilty pleas but for the deficiencies of trial counsel. "'When the alleged error underlying a motion to withdraw a guilty plea is ineffective assistance of counsel, the defendant must show that (1) trial counsel's performance was deficient; and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have entered a plea.'" (Citation omitted.) *Zendarski-Metcalf* at ¶ 13.

{¶12} Pugh claims trial counsel (Milano) was ineffective for not ensuring that he fully understood the nature and consequences of his guilty pleas and exerting undue pressure on him to enter the pleas. Pugh also alleges a breakdown of the attorney-client relationship as evidenced by emails between him and counsel demonstrating issues in communicating. We reject these arguments for the reasons set forth under the first assignment of error: The record does not support the underlying claim that the pleas were not knowingly, intelligently, and voluntarily entered regardless of the alleged deficiencies.

{¶13} Pugh further argues that trial counsel failed to protect client confidences. *State v. Bradley*, 42 Ohio St.3d 136, 141 (1989) (counsel may be constitutionally ineffective where "there has been a substantial violation of any of defense counsel's essential duties to his client") (citation omitted). At the August 7, 2024 hearing on the motion to withdraw the pleas, the prosecutor stated that he had spoken with Attorney Milano who indicated that, a month before the pleas were entered, he had forwarded the written pleas to Pugh and discussed the same with him. Pugh maintains that these representations may have violated counsel's duty with respect to privileged

Case No. 2024-P-0064

communications.  We disagree.  As an initial matter, any communications shared after the entry of the guilty pleas could not have had any impact on the decision to enter the pleas.  Nor do we find that the sharing of these communications unduly prejudiced Pugh's efforts to withdraw the pleas.  At the plea hearing, Pugh acknowledged that he had reviewed the agreement with trial counsel.  Finally, Pugh waived the privilege with respect to these communications by voluntarily revealing the substance of these communications in his motion to withdraw the pleas.  *State v. Goodwin*, 2020-Ohio-5274, ¶ 38 (2d Dist.) (finding the attorney-client privilege waived where "Goodwin expressed that he felt coerced to … take the plea and that his attorney had misinformed him about the time he would need to serve before his release"); *State v. Montgomery*, 2013-Ohio-4193, ¶ 26 (8th Dist.) ("a petitioner who raises a Sixth Amendment claim of ineffective assistance of counsel waives the attorney-client privilege as to matters reasonably related to the claim of inadequate representation").

{¶14}  The second assignment of error is without merit.

{¶15}  For the foregoing reasons, Pugh's convictions are affirmed.  Costs to be taxed against the appellant.


MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2024-P-0064

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignments of error are without merit.  The order of this court is that the judgment of the Portage County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE SCOTT LYNCH

_____
JUDGE MATT LYNCH,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2024-P-0064